IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCO JEREZ-LOPEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-26-41-SLP |
| | ) |
| KRISTI NOEM, et al., | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

Petitioner, Marco Jerez-Lopez, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Before the Court is the Report and Recommendation [Doc. No. 11] (R&R) of United States Magistrate Judge Shon T. Erwin. The Magistrate Judge recommends granting, in part, the Petition. Respondent has filed an Objection [Doc. No. 12] and Petitioner has filed a Partial Objection [Doc. No. 14]. The matter is at issue.[1] The Court reviews de novo any portion of the R&R to which the parties have made specific objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R and GRANTS IN PART the Petition.

Petitioner, a citizen of Guatemala, has been in the United States since approximately 2008. On December 31, 2025, U.S. Immigration and Customs Enforcement (ICE) arrested Petitioner and detained him pursuant to 8 U.S.C. § 1225(b)(2)(A). In the Petition,

---

[1] Neither party filed a response to the other party's objection and the time for doing so has expired. *See* Orders [Doc. Nos. 13, 15] (directing responses to be filed no later than February 20, 2026).

Petitioner alleges he was detained at Cimmaron Correctional Facility in Cushing, Oklahoma. However, as noted in the R&R, Petitioner was transferred to the Diamondback Correctional Facility in Watonga, Oklahoma where he remains detained.[2] Petitioner has been continuously detained without a bond since his arrest pursuant to the mandatory detention provision set forth in § 1225(b)(2)(A).

On January 9, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act, a violation of his due process rights under the Fifth Amendment to the United States Constitution, and a violation of his due process rights related to a future excessive bond amount. Petitioner claims that § 1225(b)(2)(A) does not apply to him and that his continued detention without a bond hearing violates his due process rights. As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).

The Magistrate Judge issued a thorough and well-reasoned R&R and concluded that habeas relief should be granted, in part. As an initial matter, the Magistrate Judge found that 8 U.S.C. § 1252(g) is not a jurisdictional bar to this Court's review of the claims asserted by Petitioner. The Magistrate Judge then recommended that the Court grant habeas relief and order Respondents to provide Petitioner with an individualized bond hearing under § 1226(a) within seven business days or otherwise release Petitioner if he has not received a lawful bond hearing within that time period. The Magistrate Judge also recommended that the Court order Respondents to certify compliance by filing a status

---

[2] See ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited Feb. 23, 2026).

report within ten business days of the Court's Order.  Finally, the Magistrate Judge recommended that the Court decline to address Petitioner's due process claims.

Respondents object to the R&R, arguing that the Magistrate Judge erroneously found that 8 U.S.C. § 1226(a) governs Petitioner's detention rather than 8 U.S.C. § 1225(b)(2)(A).  The Court concurs with the Magistrate Judge's findings and, having thoroughly reviewed the Objection, rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A).  The Court further adopts the reasoning set forth in *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026), where this Court has previously addressed, in a more detailed Order, these same issues.  In doing so, the Court joins the decision reached by the vast majority of district courts in this judicial district,[3] in district courts within the Tenth Circuit[4] and across the country[5] to have addressed the same issues as those raised by Petitioner.[6] The Court's decision is also in accord with the Seventh Circuit, which rejected the statutory interpretation of §1225(b)(2) as urged by Respondents.  *See Castañon-Nova v. U.S. Dep't*

---

[3] *See, e.g., Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641 at *2 (W.D. Okla. Jan. 13, 2026) (collecting cases in this judicial district finding that § 1252(g) does not present a jurisdictional bar); *Lopez*, 2026 WL 165490 at *5 (collecting cases in this judicial district concluding that §1225(b)(2) does not govern the petitioner's detention).

[4] *See, e.g.*, *Aguilar Tanchez v. Noem*, No. 2:25-cv-1150, 2026 WL 125184 (D. Utah Jan. 16, 2026); *Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025).

[5] *See, e.g., Lopez*, 2026 WL 165490 at *7 (collecting cases concluding that §1226(a) is the governing statutory framework).

[6] The Court is certainly aware of authority to the contrary, including two decisions entered in this judicial district.  *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344 at **3-5 (W.D. Okla. Jan. 6, 2026); *Montoya v. Holt*, No. CIV-235-1231-JD, 2025 WL 3733302 at **5-12 (W.D. Okla. Dec. 26, 2025).

*of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *but see Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Accordingly, the Court concludes that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

Petitioner has filed a partial objection and argues that the Magistrate Judge erred in not considering his due process claims.  Because the Court grants habeas relief to Petitioner on the basis of his statutory claim and directs that Petitioner be provided a bond hearing in accordance with § 1226(a), the Court declines to address the due process claims.[7]

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 11] is ADOPTED and the Petition [Doc. No. 1] is GRANTED IN PART as follows:

1. Count I of the Petition is GRANTED and Respondents are ORDERED to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days of this Order, or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

2. Counts II and III are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Respondents shall certify their compliance with this Order by filing a status report within ten business days of this Order.  The status report shall detail whether Petitioner was provided a bond hearing or has been released, including the associated dates with either action.

---

[7] To this end, Petitioner raises the due process claims in rather conclusory and unclear terms.

IT IS FURTHER ORDERED that Petitioner's Emergency Motion for Temporary Restraining Order [Doc. No. 6] is DENIED as MOOT.

A separate judgment shall be entered.

IT IS SO ORDERED this 23rd day of February, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE